UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| SIMON GEBREGZIABHER, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-00470-SPM |
| | ) | |
| FRANCIS G. SLAY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendants Matthew Burle, Marcus Bush, Paul Piatchek, and Mickey Christ to dismiss Count VI pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted (Docket No. 14), and the motion of defendants Matthew Burle, Marcus Bush, Christopher Tanner, and Mickey Christ to dismiss Count VII pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Docket No. 16). For the reasons discussed below, the Court will deny defendants' motions.

## Background

Plaintiff filed this pro se civil action pursuant to 42 U.S.C. § 1983 on March 14, 2019. (Docket No. 1). The complaint named Francis Slay, Richard Gray, Thomas Irwin, Erwin Switzer, Marcus Bush, Christopher Tanner, Paul Piatchek, Matthew Burle, and Mickey Christ as defendants. The allegations in the complaint arose from an incident in which plaintiff was injured while fleeing from police. There were seven separate counts contained within the complaint.

On September 20, 2019, the Court issued an order granting plaintiff's motion to proceed in forma pauperis. (Docket No. 6). The Court also reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915. The Court dismissed all of plaintiff's official capacity claims, as well as the

individual capacity claims in Count V against defendants Christopher Tanner, Matthew Burle, Marcus Bush, and Mickey Christ. (Docket No. 7). However, the Court directed the Clerk of Court to issue process on defendants Piatchek and Tanner in their individual capacities as to plaintiff's claims of excessive force, and on defendants Piatchek, Tanner, Burle, Bush, and Christ in their individual capacities as to plaintiff's claims of failure to intervene. (Docket No. 6).

Plaintiff filed a motion for reconsideration of the Court's partial dismissal order on November 19, 2019. (Docket No. 9). The Court denied the motion on November 20, 2019. (Docket No. 13).

On November 26, 2019, defendants Burle, Bush, Christ, and Piatchek filed a motion to dismiss Count VI pursuant to Fed. R. Civ. P. 12(b)(6). (Docket No. 14). That same day, defendants Burle, Bush, Christ, and Tanner also filed a motion to dismiss Count VII. (Docket No. 16).

**Motions to Dismiss**

In the first motion to dismiss, defendants seek the dismissal of Count VI for failure to state a claim. (Docket No. 14). Count VI concerns plaintiff's assertion that defendants Piatchek, Burle, Bush, and Christ failed to stop defendant Tanner from deploying his taser against plaintiff after plaintiff had submitted to arrest. Defendants argue that plaintiff failed to adequately allege that Piatchek, Burle, Bush, and Christ knew that Tanner intended to deploy a taser, or that the duration of Tanner's taser use was sufficient to permit them to understand what was occurring and intervene to stop it.

Similarly, in the second motion to dismiss, defendants seek the dismissal of Count VII for failure to state a claim. (Docket No. 16). Count VII concerns plaintiff's assertion that defendants Tanner, Burle, Bush, and Christ failed to intervene when defendant Piatchek kicked and slammed plaintiff's shoe against his injured foot. Defendants argue that plaintiff failed to adequately allege

that Tanner, Burle, Bush, and Christ had sufficient time to permit them to intervene and stop defendant Piatchek's alleged assault.

## Standard of Review

Pursuant to Fed. R. Civ. P. 12(b)(6), a defendant may assert as a defense the plaintiff's "failure to state a claim upon which relief can be granted." To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility requirement is satisfied when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *In re SuperValu, Inc.*, 925 F.3d 955, 962 (8th Cir. 2019).

The reviewing court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017). However, "[c]ourts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. *Twombly*, 550 U.S. at 583 (quoted case omitted).

When evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, a pro se complaint, however inartfully pleaded, is held to less stringent standards than formal pleadings drafted by lawyers. *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014). "If the essence of an allegation is discernible...then the district court should construe the complaint in a way that

permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quotations and citation omitted).

## Discussion

Defendants argue that Count VI and Count VII should be dismissed for failure to state a failure to intervene claim. Under the Fourth Amendment, a police officer may be held liable for failing to intervene to prevent the unconstitutional use of force by another officer. *Nance v. Sammis*, 586 F.3d 604, 612 (8th Cir. 2009). "To establish a failure to intervene claim, however, the plaintiff must show that the officer observed or had reason to know that excessive force would be or was being used." *Hollingsworth v. City of St. Ann*, 800 F.3d 985, 991 (8th Cir. 2015). *See also Krout v. Goemmer*, 583 F.3d 557, 565 (8th Cir. 2009) (explaining that police officer had duty to intervene to prevent the excessive use of force where the officer was aware of the abuse and the duration of the episode was sufficient to permit an inference of tacit collaboration).

**A. Motion to Dismiss as to Count VI (Docket No. 14)**

In Count VI, plaintiff alleges that after being struck by a car, he was handcuffed while on the ground. Though he was not offering any resistance, plaintiff claims that defendant Tanner deployed a taser against him. Defendants argue that plaintiff has failed to adequately allege that Piatchek, Burle, Bush, or Christ knew that Tanner was going to deploy his taser, or that there was enough time for them to stop Tanner.

The Court disagrees with defendants' argument. While in the presence of Piatchek, Burle, Bush, and Christ, plaintiff states that an unidentified officer shouted: "hold up, hold up, don't do it, we've got a witness in the car." Plaintiff asserts this was a warning to other officers not to do something to him while he was defenseless, thereby giving others an opportunity to act. Nevertheless, plaintiff alleges that Detective Tanner deployed his taser against him, and that even

4

though he clearly presented no immediate risk of danger to the officers, Piatchek, Burle, Bush, and Christ all failed to stop or attempt to stop Detective Tanner from using the taser. The Court must accept these allegations as true and make all reasonable inferences in plaintiff's favor. *See Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019). Moreover, because he is proceeding pro se, plaintiff is held to a less stringent standard of pleading. *See Jackson*, 747 F.3d at 541. Bearing that in mind, plaintiff has stated a failure to intervene claim. While he did not specifically plead the duration of this incident, the inference – to be drawn in plaintiff's favor – is that the deployment of the taser was not an instantaneous act, but an act for which there was a warning, and time to intercede. Therefore, defendants' motion to dismiss Count VI will be denied.

### B. Motion to Dismiss as to Count VII (Docket No. 16)

In Count VII, plaintiff alleges that while on the ground with an injured foot, defendant Piatchek approached plaintiff and advised him that he was "lucky we didn't kill you." Then, Piatchek "attempted several times" to put plaintiff's shoe back on plaintiff's injured foot by kicking and slamming the shoe against the foot, causing plaintiff pain. Plaintiff states that Tanner, Burle, Bush, and Christ were present, and that none intervened. Defendants argue that plaintiff has failed to adequately assert that the duration of Piatchek's alleged assault was sufficient to permit Burle, Bush, Tanner, or Christ from intervening.

The Court disagrees with defendants' argument. Plaintiff has alleged that Piatchek kicked and slammed his shoe against his foot "several times." Furthermore, plaintiff states that this was preceded by Piatchek telling him that he was "lucky we didn't kill you." The Court must accept these allegations as true and make all reasonable inferences in plaintiff's favor. *See Jones*, 915 F.3d at 499. While plaintiff does not specifically plead facts showing the duration of this incident, the inference to be drawn from his allegations is that Burle, Bush, Tanner, and Christ had time to

5

intervene. In particular, plaintiff claims that Piatchek kicked him "several times," rather than once, and that before kicking him, he told plaintiff he was "lucky we didn't kill you." Therefore, defendants' motion to dismiss Count VII will be denied.

## Motion for Extension of Time

Plaintiff has filed a document titled "Motion for Enlargement of Time," requesting additional time in which to file his opposition to defendants' motion to dismiss. (Docket No. 20). The motion will be denied as moot as the Court is denying defendants' motions to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motions to dismiss (Docket No. 14; Docket No. 16) are **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time (Docket No. 20) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that defendants shall file an answer within **fourteen (14) days** of the date of this order.

Dated this 18th day of December, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE