**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| SIMON GEBREGZIABHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:19-CV-00470-SPM |
| ) | |
| MARCUS BUSH, *et al.,* ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's "First Amended Complaint" (Doc. 28), which the Court construes as a motion for leave to file the First Amended Complaint. Defendants have not responded to the motion. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 30). For the following reasons, Plaintiff's motion will be granted.

**I.    BACKGROUND**

On March 14, 2019, Plaintiff filed a complaint in this Court pursuant to 42 U.S.C. § 1983. In Plaintiff's original complaint, Plaintiff named nine defendants: Francis G. Slay (in his official capacity as mayor and a member of the Board of Police Commissioners of the St. Louis Metropolitan Police Department ("SLMPD"), Richard Gray (in his official capacity as a member of the Board of Police Commissioners of the SLMPD), Thomas Irwin (in his official capacity as a member of the Board of Police Commissioners of the SLMPD), Erwin Switzer (in his official capacity as a member of the Board of Police Commissioners of the SLMPD), Marcus Bush (individually and in his official capacity as an officer of the SLMPD), Detective Christopher A. Tanner (individually and in his official capacity as a detective of the SLMPD), Lieutenant Paul

Piatchek (individually and in his official capacity as a lieutenant of the SLMPD), Matthew Burle (individually and in his official capacity as an officer of the SLMPD), and Mickey Christ (individually and in his official capacity as an officer of the SLMPD). Plaintiff alleged that on March 16, 2017, his car was surrounded by several unmarked police vehicles, he fled in his car (not knowing they were police vehicles), and he then pulled over and fled on foot. Plaintiff alleged that Defendant Piatchek, a lieutenant with the St. Louis Metropolitan Police Department ("SLMPD"), deliberately hit him with a car, causing his shoe to fall off and causing extreme pain and inability to move, and later kicked him on his injured foot, causing him additional pain. Plaintiff also alleged that Defendant Tanner deployed a taser against him when he was already handcuffed and on the ground. Plaintiff was eventually placed in the backseat of a sedan, where he alleged that Defendant Bush, Tanner, Piatchek, Burle, or Christ pulled out a firearm and pointed it directly at Plaintiff's head, asking for his name and its full spelling. Plaintiff alleged that at various times during these incidents, Defendants Burle, Bush, Christ, Tanner, and/or Piatchek had a reasonable opportunity to intervene and failed to so.

In the original complaint, Plaintiff alleged the following counts: (I) excessive force against Defendant Piatchek, in his individual capacity, for striking Plaintiff with a vehicle; (II) excessive force against Defendant Tanner, in his individual capacity, for needlessly deploying a taser against Plaintiff; (III) excessive force against Defendant Piatchek, in his individual capacity, for kicking Plaintiff's foot; (IV) official capacity claims based on an unconstitutional policy, custom, or failure to train or supervise; (V) failure to intervene claims against Defendants Burle, Bush, Tanner, and Christ, in their individual capacities, based on their failure to intervene in an attempt to prevent Defendant Piatchek from hitting Plaintiff with his vehicle; (VI) failure to intervene claims against Defendants Burle, Bush, Piatchek, and Christ, in their individual capacities, based on their failure to intervene before Defendant Tanner deployed a taser against Plaintiff; and (VII) failure to

intervene claims against Defendants Burle, Bush, Tanner, and Christ, in their individual capacities, based on their failure to intervene before Piatchek kicked and slammed Plaintiff's injured foot.

On September 20, 2019, Judge Henry Autrey entered an Opinion, Memorandum, and Order dismissing, without prejudice, Plaintiff's official capacity claims (Count IV) and Plaintiff's claims against Defendants Burle, Bush, Tanner, and Mickey Christ related to their failure to intervene to stop Piatchek hitting him with the car (Count V). The Court directed the Clerk of Court to issue process on Defendants Bush, Tanner, Piatchek, Burle, and Christ in their individual capacities with regard to the other claims against them. (Doc. 6). On November 26, 2019, Defendants Burle, Bush, Piatchek, and Christ filed a motion to dismiss Count VI (failure to intervene to stop Tanner's use of a taser) (Doc. 14), and Defendants Burle, Bush, Defendants Burle, Bush, Tanner, and Christ filed a motion to dismiss Count VII (failure to intervene to stop Piatchek's kicking of Plaintiff's foot) for failure to state a claim (Doc. 16). On December 18, 2019, Judge Autrey denied both motions. (Doc. 21). Defendants have now filed answers to the original complaint.

On January 29, 2020, Plaintiff filed the instant motion.[1] In the proposed First Amended Complaint, Plaintiff omits the two counts that have already been dismissed by the Court, includes the other five counts, and adds a new count of excessive force against "John Doe #1." In the new count, Plaintiff alleges that Defendant Doe was the police officer sitting in the passenger seat of the sedan in which Plaintiff was transported, and that Defendant Doe placed his service firearm to Plaintiff's head and threatened to shoot Plaintiff if Plaintiff did not answer Doe's questions, resulting in extreme psychological injury and emotional distress.

---

[1] Plaintiff is currently incarcerated at the Federal Medical Center in Butner, North Carolina. Although Plaintiff's motion was docketed February 3, 2020, motions by prison inmates are deemed to be filed on the day that they are placed in the prison mailing system. *Sorensen v. Tidwell*, 114 F. App'x 266, 267 (8th Cir. 2004) (holding that prisoner met filing deadline for § 1983 claim by depositing complaint in prison mailbox). Plaintiff's signed statement indicates that the motion was deposited in the prison mailbox on January 29, 2020. (Doc. 28, at 12).

## II. DISCUSSION

Under the Case Management Order, the deadline for motions for joinder of additional parties or amendment of pleadings was January 30, 2020. Plaintiff's motion was filed prior to this deadline. Thus, the liberal standard of Federal Rule of Civil Procedure 15(a)(2) governs this motion, rather than the more demanding "good cause" standard of Rule 16(b) that applies to motions for leave to amend made after the relevant deadline set in a scheduling order. *See Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2)."Under the liberal amendment policy of Federal Rule of Civil Procedure 15(a), a district court's denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Roberson v. Hayti Police Dep't.*, 241 F.3d 992, 995 (8th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The Court finds that justice requires permitting Plaintiff leave to amend his complaint. In the proposed First Amended Complaint, Plaintiff brought excessive force claims against several of the SLMPD officers involved in his March 2017 arrest, and his new claim against the John Doe defendant is also an excessive force claim against another SLMPD officer who allegedly used excessive force against him during the same arrest. According to Federal Rule of Civil Procedure 20(a)(2):

> Persons … may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a). Plaintiff's new claim against the John Doe defendant clearly "arises out of

the same transaction, occurrence, or series of transactions or occurrences" for purposes of Rule 20(a)(2), and it also clearly implicates questions of law or fact common to all defendants. Additionally, the Court finds no undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, futility, or undue prejudice to Defendants that would justify denying leave to amend. The Court also notes that Defendants have not filed any objection to the motion for leave to amend.

The Court notes that once Plaintiff determines the identity of this John Doe defendant, Plaintiff will need to seek further leave to amend the complaint to name that individual as a defendant.

### III. CONCLUSION

For all of the reasons above, the Court finds that Plaintiff should be granted leave to file an amended complaint.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint (Doc. 28) is **GRANTED**.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of April, 2020.