RECEIVED
FEB 0 3 2020
BY MAIL

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SIMON GEBREGZIABHER,
   Reg. No. 35026-044
   Federal Medical Center
   P.O. Box 1600
   Butner, NC 27509,

      Plaintiff,

v.

CIVIL ACTION NUMBER
4:19-CV-470-SPM

MARCUS BUSH (DSN #6456),
   City of St. Louis Police Department
   1915 Oliver Street
   St. Louis City, MO 63103,

CHRISTOPHER A. TANNER (DSN # 8762),
   City of St. Louis Police Department
   1915 Oliver Street
   City of St. Louis, MO 63103,

PAUL PIACHEK (DSN # unknown),
   City of St. Louis Police Department
   1915 Oliver Street
   St. Louis City, MO 63103,

MATTHEW BURLE (DSN #8408),
   City of St. Louis Police Department
   1915 Oliver Street
   St. Louis City. MO 63103,

MICKEY CHRIST (DSN #6880),
   City of St. Louis Police Department
   1915 Oliver Street
   St. Louis, MO 63103,

JOHN DOE #1 (DSN # unknown)
   City of St. Louis Police Department
   1915 Oliver Street
   St. Louis City, MO 63103

---

FIRST AMENDED COMPLAINT

---

UNTO THIS COURT comes Plaintiff Simon Gebregziabher (hereinafter "Plaintiff") and files this

First Amended Complaint, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. In support thereof, Plaintiff states as follows:

## I. INTRODUCTION

1. Plaintiff asserts that while he was attempting to flee capture by the police, who are the named Defendants, he was intentionally hit with a police car, he was tased while handcuffed, his left foot, which was injured, was repeatedly kicked, and a gun was put to his head while he was handcuffed and secured in a police vehicle. Plaintiff asserts that the named Defendants either caused these acts to occur or failed to intervene to prevent them from occurring or continuing to occur. Thus, he has asserted claims of "excessive force" and "failure to intervene." He seeks compensatory and punitive damages.

## II. JURISDICTION

2. This Court has subject matter jurisdiction pursuant to Title 42, United States Code, Section 1983 (42 U.S.C. 1983).

3. This Court has venue jurisdiction pursuant to Title 28, United States Code, Section 1391(b) (28 U.S.C. 1391(b)).

4. Plaintiff invokes this Court's pendent jurisdiction.

## III. PARTIES

5. Simon Gebregziabher is the plaintiff in this action. He is a resident of the State of Missouri but currently incarcerated at the Federal Medical Center in Butner, North Carolina. He is of legal age and competent to testify to the facts stated herein.

6. Marcus Bush is named as a defendant in this action. At all times relevant hereto, Defendant Bush was an employee of the St. Louis City Police Department acting under color of law. He is a resident of the State of Missouri.

7. Defendant Bush is sued in his individual capacity.

8. Christopher A. Tanner is a named defendant in this action. At all times relevant hereto, Defendant Tanner was an employee of the St. Louis City Police Department acting under color of law. He is a resident of the State of Missouri.

9. Defendant Tanner is sued in his individual capacity.

10. Paul Piachek is a named defendant in this action. At all times relevant hereto, Defendant Piachek was an employee of the St. Louis City Police Department acting under color of law. He is a resident of the State of Missouri.

11. Defendant Piachek is sued in his individual capacity.

12. Matthew Burle is named as a defendant in this action. At all times relevant hereto, Defendant Burle was an employee of the St. Louis City Police Department acting under color of law. He is a resident of the State of Missouri.

13. Defendant Bush is sued in his individual capacity.

14. Mickey Christ is named as a defendant in this action. At all times relevant hereto, Defendant Christ was an employee of the St. Louis City Police Department acting under color of law. He is a resident of the State of Missouri.

15. Defendant Christ is sued in his individual capacity.

16. John Doe #1 is named as a defendant in this action. At all times relevant hereto, Defendant Doe #1 was an employee of the St. Louis City Police Department acting under color of law. He is a resident of the State of Missouri. Defendant DOE #1 was the police officer sitting on the front seat passenger side in the dark colored sedan in which Plaintiff was transported.

17. Defendant Doe #1 is sued in his individual capacity

IV. FACTUAL ALLEGATIONS

18. On March 16, 2017 at approximately 12:30 in the afternoon, Plaintiff was driving his parent's Ford Freestyle (which is not registered in the Plaintiff's name) when the Plaintiff realized that a dark colored sedan was following him.

19. At that time, Plaintiff was travelling west bound on Martin Luther King Drive, on the Westside of the City of St. Louis, Missouri.

20. Plaintiff drove to his parent's residence on Brown Road in North County.

21. Plaintiff was flagged down by a friend (T.H.), while pulling into the driveway of his parent's home. T.H. asked Plaintiff for a ride.

22. Plaintiff quickly explained to T.H. that "there is a lot going on right now. I think I am being followed." Plaintiff departed with T.H.

23. Plaintiff drove to a car wash on Natural Bridge Road (diagram of car wash is annexed hereto as Exhibit 1).

24. Plaintiff was parked in the second stall of the car wash.

25. A dark colored sedan pulled into the next stall, directly to the Plaintiff's left. Later indentified, through police reports, that Defendant Tanner, who threw spike strips in front of Plaintiff's car in away to deflate Plaintiff's tires. Plaintiff was unaware of the strips at the time.

26. Multiple vehicles, unmarked and without sirens sounding, pulled up in the front and the back of the car wash stalls, attempting to block Plaintiff in the stall.

27. Plaintiff unaware that these individuals were police officers at the time, and Plaintiff fearing for his life because his brother was recently killed, pulled out of the car wash onto Natural Bridge Road, instantly running over the spike strips.

28. Plaintiff drove and made it to Interstate 70. At this time, Plaintiff realized a number of police cars in pursuit of his vehicle.

29. Plaintiff attempted to merge into Highway I70 South but his vehicle could not sustain with the blown out tires from the spike strips.

30. Plaintiff threw a firearm out of the passenger side window.

31. Plaintiff pulled over on the next exit ramp, diagram of exist ramp is annexed hereto as Exhibit 2.

32. Plaintiff got out of the parked vehicle and started to run. Within seconds, Plaintiff noticed an unmarked car without lights or sirens blaring coming right at him.

33. Plaintiff attempted to dodge the vehicle by trying to jump out of the way.

34. One of the named Defendant, probably Defendant Piachek, hit Plaintiff with his vehicle causing him to fall to the ground, and his shoe come off.

35. Plaintiff was instantly immobilized. He was in agonizing pain and could not move.

36. Plaintiff was surrounded by numerous police officers with their guns drawn, and Plaintiff was on the ground. While still on the ground Plaintiff was handcuffed behind his back.

37. Plaintiff recalls hearing an unknown police officer yell "hold-up, hold-up, don't do it. We've got a witness in the car."

38. Plaintiff was tased by Defendant Tanner with a department issued taser (serial no. X30002PN7 and cartridge no. C6202EKHN) for no reason.

39. The other named Defendants just watched as Defendant Tanner tased Plaintiff several times.

40. Plaintiff was screaming in agony because of extreme pain. Defendant Piachek came over to Plaintiff, while he was still on the ground, and Plaintiff said to him "you were trying to kill me. You ran me over." In response, Defendant Piachekl said to Plaintiff, "I don't give a fuck. Fuck your leg. You lucky we didn't kill you." (This Defendant is a heavy set black male, commander who supervised the scene.)

41. Defendant Piachek picked up the Plaintiff's shoe and attempted to place the shoe on Plaintiff's foot by repeatedly kicking the shoe up against Plaintiff's foot causing the Plaintiff extreme unnecessary pain and distress.

42. The other named Defendants watched as Defendant Piachek attempted over and over again to put Plaintiff's shoe on his foot by kicking and slamming it up against Plaintiff's foot.

43. Plaintiff was picked up by Defendant Doe #1 and another unknown named officer. He was picked-up and thrown in the back seat of a dark colored sedan. Plaintiff was then questioned about his identity by Defendant Doe #1. Because Plaintiff would not provide any information Defendant Doe #1 pulled out his firearm, placed it to Plaintiff's head, and advised him that he would shoot him if he didn't answer his questions. It should be noted here that there was spike strips on the back seat of the dark colored sedan which Plaintiff was thrown onto.

44. No paramedics was called.

45. Plaintiff was transported by Defendant Doe #1 and another unknown named officer to Barnes Jewish Hospital ER Department.

46. X-rays were performed which confirmed a foot fracture and multiple ligament tares. Plaintiff was ordered a brace and crutches and prescribed pain medication.

47. Plaintiff was then brought to the Justice Center in St. Louis City, Missouri.

48. Plaintiff was seen by the jail's physician, who prescribed Tylenol 3 for Plaintiff's pain.

49. Plaintiff remained in the Justice Center for three to five days before another agency came to detain him.

50. Plaintiff was released from Justice Center to St. Johns and University City Police Department for questioning about unrelated crimes.

51. Plaintiff was released to the community.

52. Upon his release, Plaintiff went immediately (the same day) to DePaul's Hospital ER Department in North County, St. Louis, Missouri.

53. At DePaul, x-rays were taken again, confirming knee injury and foot fractures.

54. Plaintiff was released from DePaul with instructions on how to set-up an appointment for an MRI, and was told he would be required to have repair surgery.

55. Days later, Plaintiff was arrested by St. John's Police Department at his parent's house on Brown Road, booked into St. Charles County Jail on a U.S. Marshal's hold.

56. Plaintiff reported his injuries upon entry into the jail.

57. On or about May 29, 2017 Plaintiff underwent reconstructive surgery on his knee. His ACL, PCL, and MCL ligaments were replaced. Plaintiff now has permanent screws in his knee.

58. All of Plaintiff's injuries were caused by the named Defendants, who were personally involved in the incident occurring on March 16, 2017, as described herein.

59. Since the first surgery, Plaintiff has underwent one constructive surgery, as of the date of the original complaint filed in this matter.

60. Plaintiff was unable to walk without crutches for one year, and has endured extreme pain and emotional distress, as a direct consequence of the acts and omissions of the named Defendants described herein.

61. Plaintiff's injuries are permanent in nature and will adversely effect him for the rest of his life.

62. At all times relevant hereto, all the named Defendants caused and/or contributed to the Plaintiff's injuries as described herein.

## V. LEGAL CLAIMS

### COUNT ONE

63. Plaintiff hereby incorporates paragraphs 1-62 above, as if set forth here in full and detail herein.

64. Defendant Piachek violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution by intentionally hitting Plaintiff with his assigned police vehicle resulting in serious permanent injuries accompanied by extreme pain and distress.

65. These acts and omissions by Defendant Piachek constitutes excessive force, as defined by the Fourth and Fourteenth Amendments to the Constitution of the United States.

66. Defendant Piachek violated the Constitution and laws of the State of Missouri.

x

### COUNT TWO

67. Plaintiff hereby incorporates paragraphs 1-62 above, as if set forth here in full and detail herein.

68. Defendant Tanner violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution by tasing Plaintiff, while he was on the ground, handcuffed, and surrounded by numerous police officers, resulting in Plaintiff being shocked with consequent extreme pain and distress.

69. These acts and omissions by Defendant Tanner constitutes excessive force, as defined by the Fourth and Fourteenth Amendment to the Constitution of the United States.

70. Defendant Tanner violated the Constitution and laws of the State of Missouri.

COUNT THREE

71. Plaintiff hereby incorporates paragraph 1-62 above, as if set forth here in full and detail herein.

72. Defendant Piachek violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution by repeatedly kicking Plaintiff's shoe up against his injured foot resulting in further injury, including fractures to Plaintiff's foot, as well as extreme pain and distress.

73. These acts and omissions by Defendant Piachek constitutes excessive force, as defined by the Fourth and Fourteenth Amendments to the Constitution of the United States.

74. Defendant Piachek violated the Constitution and laws of the State of Missouri.

x

COUNT FOUR

75. Plaintiff hereby incorporates paragraphs 1-62 above, as if set forth here in full and detail herein.

76. Defendants Burle, Bush, Piachek, and Christ had a reasonable opportunity to intervene when Defendant Tanner tased Plaintiff with his department issued taser, while Plaintiff was handcuffed on the ground, and surrounded by them resulting in Plaintiff being shocked with consequent extreme pain and distress.

77. These acts and omissions by Defendant Burle, Bush, Piachek, and Christ constitute a failure to intervene during the use of excessive force, as defined by the Fourth and Fourteenth Amendments to the Constitution of the United States.

78. Defendants Burle, Bush, Piachek, and Christ violated the Constitution and laws of the State of Missouri.

COUNT FIVE

79. Plaintiff hereby incorporates paragraphs 1-62 above, as if set forth here in full and detail herein.

80. Defendant Burle, Bush, Tanner, and Christ had a reasonable opportunity to intervene when Defendant Piachek acted as if he was attempting to put Plaintiff's shoe back onto his already injured foot, by repeatedly kicking and slamming the shoe up against Plaintiff's already injured foot resulting in further injury, including the fracturing of Plaintiff's foot, extreme pain and distress.

81. These acts and omissions by Defendant Burle, Bush, Tanner, and Christ constitute a failure to intervene during the use of excessive force, as defined by the Fourth and Fourteenth Amendments to the Constitution of the United States.

82. Defendant Burle, Bush, Tanner, and Christ violated the Constitution and laws of the State of Missouri.

COUNT SIX

83. Plaintiff hereby incorporates paragraphs 1-62 above, as if set forth here in full and detail herein.

84. Defendant Doe #1 violated Plaintiff's right under the Fourth and Fourteenth Amendments to the United States Constitution by placing his service firearm to Plaintiff's head and threatening to shoot him if he did not answer his (Defendant Doe #1's) questions, resulting in extreme psychological injury and emotional distress.

85. These acts and omissions by Defendant Doe #1 constitute excessive force, as defined by the Fourth and Fourteenth Amendments to the Constitution of the United States.

84. Defendant DOE #1 violated the Constitution and laws of the State of Missouri.

## VI. RELIEF REQUESTED

WHEREFORE Plaintiff prays that this Honorable Court grant him relief as follows

1) Plaintiff seeks compensatory damages in the amount of 17 million dollars;

2) Plaintiff seeks punitive damages in the amount of 85 million dollars; and

3) Any further relief this Court deems just and proper.

Respectfully submitted,

Simon Gebregziabher

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the FIRST AMENDED COMPLAINT was mailed this _____ day of January 2020 to counsel, as identified below. The same being enclosed in an envelope addressed to counsel, as listed below, first-class postage affixed thereto, and deposited in the prison mailbox at the Federal Medical Center, Butner, North Carolina, for forwarding through the United States Mail.

        Erin K. McGowan
        Associate City Counselor
        1200 Market Street, Room 314
        City Hall
        St. Louis, MO 63103

*/s/ Simon Gebregziabher*
Simon Gebregziabher

1·29·20

Simon
BUTNER FMC
Federal Medical Center
P.O. Box 1600
Butner, NC 27509



◇35026-044◇
U S Dist Court
111 S 10TH ST
Saint Louis, MO 63102
United States

RECEIVED
FEB 0 3 2020
BY MAIL