UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SIMON GEBREGZIABHER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:19-CV-00470-SPM |
| MARCUS BUSH, et al., | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion for Summary Judgment on Counts I, III, IV, and V of Plaintiff's First Amended Complaint. (Doc. 58). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 30).

**I.   LEGAL STANDARD**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Hill v. Walker*, 737 F.3d 1209, 1216 (8th Cir. 2013). The movant "bears the initial responsibility of informing the district court of the basis for its motion" and must identify "those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant does so, then the burden shifts to the nonmovant to submit evidentiary materials that "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324. An issue of fact is genuine, making summary judgment inappropriate, when "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "In ruling on a

summary judgment motion, a court must view the facts in the light most favorable to the non-moving party." *Leonetti's Frozen Foods, Inc. v. Rew Mktg., Inc.*, 887 F.3d 438, 442 (8th Cir. 2018).

**II.   DISCUSSION**

In the First Amended Complaint, filed *pro se*, Plaintiff Simon Gebregziabher alleges that while he was attempting to flee capture by the police on March 16, 2017, he was intentionally hit with a police car; he was tased while handcuffed; his left foot was repeatedly kicked and injured; and a gun was put to his head while he was handcuffed and secured in a police vehicle. Plaintiff alleges that the six defendants—Marcus Bush, Christopher A. Tanner, Paul Piatchek, Matthew Burle, Mickey Christ, and "John Doe #1"— either caused those acts to occur or failed to intervene to prevent them from occurring or continuing to occur. Plaintiff asserts six claims pursuant to 42 U.S.C. § 1983: (I) an excessive force claim against Defendant Piatchek, in his individual capacity, for striking Plaintiff with a vehicle; (II) an excessive force claim against Defendant Tanner, in his individual capacity, for needlessly deploying a taser against Plaintiff; (III) an excessive force claim against Defendant Piatchek, in his individual capacity, for kicking Plaintiff's foot; (IV) failure to intervene claims against Defendants Burle, Bush, Piatchek, and Christ, in their individual capacities, based on their failure to intervene when Defendant Tanner deployed a taser against Plaintiff; (V) failure to intervene claims against Defendants Burle, Bush, Tanner, and Christ, in their individual capacities, based on their failure to intervene when Piatchek kicked and slammed Plaintiff's injured foot; and (VI) an excessive force claim against Defendant Doe #1, in his individual capacity, based on Doe's placing a firearm to Plaintiff's head and threatening to shoot him if Plaintiff did not answer Doe's questions.

On November 13, 2020, Defendants Piatchek, Tanner, Burle, Bush, and Christ filed the instant motion, seeking summary judgment on Counts I, III, IV, and V, along with Statement of Uncontroverted Material Facts. With respect to Count I, Defendants argue that because Plaintiff

– 2 –

testified in his deposition that he did not see the person driving the car that allegedly hit him and relies solely on speculation that Piatchek was the driver, there is no genuine issue of material fact and Piatchek is not liable under Count I. At his deposition, Plaintiff testified that the police report indicated that Piatchek drove the car that blocked his path and that Plaintiff therefore "figured that that may have been the person who" hit him, but that he never actually saw the driver of the vehicle that allegedly hit him and cannot describe what the individual looked like. Defs.' Ex. A, Dep. of Pl., at 60-62. In addition, Defendants include in their Statement of Uncontroverted Material Facts ("SUMF") a statement, supported by affidavit, that Piatchek did not hit or run over Plaintiff with a vehicle. Defs.' SUMF ¶ 34.

With respect to Count III, Defendants argue that because Plaintiff at his deposition testified that the individual who kicked his foot was an "African American kind of heavyset guy" and because the undisputed record shows that Piatchek is Caucasian, there is no genuine issue of material fact and Piatchek is not liable under Count III. Defendants also include in their Statement of Uncontroverted Material Facts a statement, supported by affidavit, that Piatchek did not slam or kick or attempt to put a shoe on Plaintiff's foot. Defs.' SUMF ¶ 28.

With respect to Count IV, Defendants argue that the undisputed evidence, viewed in the light most favorable to Plaintiff, shows that neither Piatchek, Christ, Burle, nor Bush had a realistic opportunity to prevent Defendant Tanner deploying a taser on Plaintiff or to stop the tasing once it began, and thus there is no genuine issue of material fact and they cannot be liable for a failure to intervene in the tasing. To support their argument, Defendants also include in their Statement of Uncontroverted Material Facts statements, supported by affidavits, about the officers' distance from Defendant Tanner during the tasing and the duration of the tasing. Defs.' SUMF ¶¶ 23-27.

With respect to Count V, Defendants argue that the record, viewed in the light most favorable to Plaintiff, shows that the episode alleged in which an officer twice slammed and then

kicked Plaintiff's shoe on his foot was not sufficiently prolonged to permit nearby officers a reasonable opportunity to intervene. They also argue that Plaintiff is unable to identify which particular officers were located nearby, such that they could have possibly intervened. Thus, they argue that there is no genuine issue of material fact and neither Bush, Burle, Christ, nor Tanner are liable for the failure to intervene in the kicking incident. Defendants also include in their Statement of Uncontroverted Material Facts statements, supported by affidavits, that none of the defendant officers observed another officer kick or slam a shoe on Plaintiff's foot. Defs.' SUMF ¶¶ 23-27.

On December 17, 2020, Plaintiff, acting *pro se*, filed a response in opposition to Defendants' motion. Shortly thereafter, on December 22, 2020, the Court entered an order appointing counsel for Plaintiff to assist him in this case. Following multiple status conferences and the entry of an amended case management order to give Plaintiff's counsel time to familiarize himself with the case, the Court set a deadline of Friday, May 28, 2021 for Plaintiff to file, through counsel, a response to Defendants' summary judgment motion. On May 28, 201, Plaintiff filed his response through counsel. In the response, Plaintiff notes that the that the Motion for Summary Judgment did not address the allegations in Count II against Defendant Tanner. Plaintiff further states, "Upon review of the record, counsel for Plaintiff is of the opinion that a trial against Christopher Tanner alone is in the best interest of Plaintiff. As such, Plaintiff will not contest the Motions for Summary Judgments regarding Counts I, III, IV, and V." Pl.'s Resp., Doc. 91, at 2. The Court also notes that because Defendant did not file any response to Defendants' Statement of Uncontroverted Material Facts, all of those facts are deemed admitted for purposes of summary judgment. *See* Rule 4.01(E) of the Local Rules for the United States District Court of the Eastern District of Missouri ("All matters set forth in the moving party's Statement of Uncontroverted Material Facts shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.").

### III. CONCLUSION

For the reasons stated in Defendants' motion, and because Plaintiff does not contest Defendants' assertion that they are entitled to judgment as a matter of law on Counts I, III, IV, and V, Defendants' motion will be granted. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment on Counts I, III, IV, and V of Plaintiff's First Amended Complaint (Doc. 58) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court will hold a scheduling conference on **Tuesday, June 15, 2021, at 10:30 a.m.**, by Zoom, to set a trial date. Counsel will receive an email in advance of the conference with instructions for attending.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 4th day of June, 2021.